UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES E. WASHINGTON,<br><br>  Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:18-cv-02691<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHARLES E. WASHINGTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a 77 year-old consumer that resides in Toledo, Ohio, which is within the Northern District of Ohio.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant is "is a nationally licensed and bonded collection agency" that provides "third party collection services for clients across a variety of industry verticals."[1] Defendant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 330 South Warminster Road, Suite 353, Harboro, Pennsylvania 19040.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Several years ago, Plaintiff obtained a line of credit through Capital One Bank, N.A. ("Capital One").

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Capital One, thus incurring debt ("subject debt").

11. Upon information and belief, Capital One charged-off the subject debt in the amount of $1,342.25.

12. Capital One stopped sending periodic billing statements to Plaintiff when the subject debt was charged-off.

13. Thereafter, Capital One sold the subject debt to LVNV Funding, LLC ("LVNV").

---

[1] https://www.fbcs-inc.com/about-fbcs-collection-agency/

14. On or around the spring of 2018, LVNV referred the subject debt to Defendant for collection.

15. On March 26, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.

16. Defendant's collection letter listed the "Current Balance" as $1,342.25.

17. Furthermore, Defendant's collection letter states in part: "Because of interest, late charges, and/or charges that may vary from day to day, the amount due on the day you pay may be greater." This language will hereinafter be referred to as the interest and other costs language.

18. Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect, interest, late charges, and other costs through the inclusion of its interest and other costs language, when such right was waived by Capital One, and/or when no such right existed in the underlying contract.

19. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2013.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of 15 U.S.C § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its collection letter that it had the ability to add interest, late charges, and other costs to the subject debt. The collection letter's "interest and other costs language" states, in pertinent part: "Because of interest, late charges, and/or charges that may vary from day to day, the amount due on the day you pay may be greater." The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection letter. Upon information and belief, Capital One charged-off the subject debt in the amount of $1,342.25, and stopped sending periodic billing

---

[2] https://www.acainternational.org/search#memberdirectory

4

statements. Subsequently, Capital One sold the subject debt to LVNV. Shortly thereafter, Defendant began collecting upon the subject debt and mailed its collection letter to Plaintiff with an amount due of $1,342.25. Accordingly, Capital One and its successors waived the right and ability to add interest and other charges. In addition, these "other charges" were not part of the underlying agreement between Plaintiff and Capital One. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest, late charges, or other costs. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional interest, late charges, or other costs – even though such interest, late charges, or other costs were not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest he be subjected to additional interest, late charges, or other costs by a subsequent debt collector.

    b.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

31. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violate the FDCPA.

WHEREFORE, Plaintiff, CHARLES E. WASHINGTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 19, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Ohio                 Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com